STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    Fax: (415) 436-6748
    kenneth.brakebill@usdoj.gov

Attorneys for Defendant United States of America

MATTHEW M. TAYLOR (State Bar No. 252556)
VAZIRI LAW GROUP, APC
5757 Wilshire Blvd., Ste. 670
Los Angeles, CA 90036
Telephone: (310) 777-7540
Facsimile: (310) 777-0373
Email: mtaylor@vazirilaw.com

Attorneys for Plaintiff Daniel Valles

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALLES,<br>    Plaintiff,<br><br>v.<br><br>FORT MASON, THE GENERAL'S RESIDENCE, THE GUARDSMEN, NATIONAL PARK SERVICE, UNITED STATES OF AMERICA, and DOES 1 to 50, inclusive,<br><br>    Defendants. | CASE NO. 4:20-CV-04192-SBA<br><br>**STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; ORDER**<br><br>Hon. Saundra Brown Armstrong |

STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; ORDER
4:20-CV-04192-SBA (JCS)

IT IS HEREBY STIPULATED by and between the undersigned Plaintiff and Defendant the UNITED STATES OF AMERICA (also referred to as "Defendant"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on June 25, 2020;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

WHEREAS, on August 23, 2022 the Court granted Defendant's motion for determination of good faith settlement (*see* ECF No. 91);

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

1. <u>Agreement to Compromise Claims</u>.  The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. <u>Definition of "United States of America."</u>  As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the Department of Interior, the National Park Service, and/or its current and former agents, servants, employees, and attorneys.

3. <u>Settlement Amount</u>.  The United States of America agrees to pay the sum of One Hundred Thousand dollars ($100,000.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or Plaintiff's guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. <u>Release</u>.  Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or Plaintiff's guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. <u>Dismissal</u>.  In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff agrees that Execution of this Stipulation and its approval by the Court shall constitute dismissal with prejudice of this case as against the United States, including all claims asserted in this action, or that could have been asserted in this action against the United States, pursuant to Fed. R. Civ. P. 41(a).

6. <u>No Admission of Liability</u>.  This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and the United States specifically denies that it is liable to the Plaintiff.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. <u>Parties Bear Their Own Fees and Costs</u>.  It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. <u>Attorney's Fees</u>. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. <u>Authority</u>. The signatories to this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. <u>Waiver of California Civil Code § 1542</u>. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. <u>Payment by Check</u>. Payment of the Settlement Amount will be made by check for One Hundred Thousand dollars ($100,000.00) and made payable to Daniel Valles, Plaintiff, and Vaziri Law Group. The check will be mailed to Plaintiff's attorney, Matthew M. Taylor, at the address listed on the cover page of this pleading. Defendant expects, but cannot guarantee, that payment to Plaintiff and Vaziri Law Group will be made within ninety (90) days of the execution of this agreement by all parties.

12. <u>Tax Liability</u>. There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service, and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the relevant tax authorities. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's

counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. <u>Treasury Offset Program</u>.  Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and Plaintiff is executing this Agreement without reliance on any representation by Defendant as to the application of any such law.  Accordingly, the United States may offset against the Settlement Amount Plaintiff's delinquent debts to the United States, if any.  *See Astrue v. Ratliff,* 560 U.S. 586 (2010).

14. <u>Choice of Law and Venue</u>.  This Agreement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of California.  The Honorable Jacqueline S. Corley shall retain jurisdiction of this Settlement Agreement and the enforcement thereof.

15. <u>Construction</u>.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof, and enters into this Agreement knowingly and voluntarily.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. <u>Severability</u>.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

17. <u>Integration</u>.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this

Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: September 7, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____

*/s/*     Kenneth W. Brakebill
KENNETH W. BRAKEBILL*
Assistant United States Attorney
Attorneys for Defendant USA

DATED: September 7, 2022

*/s/*     Matthew M. Taylor
MATTHEW M. TAYLOR
VAZIRI LAW GROUP, APC
Attorneys for Plaintiff

*\* In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 7, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge