UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANIEL VALLES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FORT MASON CENTER, et al.,<br><br>　　　　Defendants. | Case No:  20-cv-04192 SBA<br><br>**ORDER DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE** |

Plaintiff Daniel Valles ("Plaintiff") brings this personal injury action against Fort Mason Center ("FMC"), The Guardsmen, MTM Builders, Inc. ("MTM"), and the United States of America ("USA"), alleging claims for dangerous condition of public property, premises liability, and negligence.[1]  The Guardsmen and FMC counterclaim against MTM for indemnity and contribution.  The Court has original jurisdiction over Plaintiff's claims against the USA pursuant to 28 U.S.C. § 1346(b)(1), and supplemental jurisdiction over the remainder of the action pursuant to 28 U.S.C. § 1367.

Following the Order Granting Motion for Determination of Good Faith Settlement, Dkt. 91, the USA and all claims against it have been dismissed, Dkt. 93.  The remaining state law claims are between citizens of California.  A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

---

[1] Plaintiff also named the National Park Service as a defendant; however, it was later dismissed from the action pursuant to the stipulation of the parties.  See Dkt. 30.

toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted).

Here, the claims against the USA were dismissed well before trial.  Aside from the motion to approve the settlement between Plaintiff and the USA, there has been no motion practice in this Court.  Thus, weighing the relevant factors, the Court declines to assert supplemental jurisdiction over the remaining claims, which are dismissed without prejudice to their presentation in a state court action.  See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that, because the district court did not err in granting summary judgment on federal claims, it did not abuse its discretion in dismissing state-law claims).

IT IS SO ORDERED.

Dated: September 13, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge